Michael S. Kwun (SBN 198945)
mkwun@kblfirm.com
Asim M. Bhansali (SBN 194925)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery St., Suite 750
San Francisco, CA 94111
Telephone: (415) 630-2350
Fax: (415) 367-1539

*Counsel for Plaintiffs*
*SONY CORPORATION,*
*SONY ELECTRONICS INC., and*
*SONY INTERACTIVE ENTERTAINMENT LLC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| SONY CORPORATION, SONY ELECTRONICS INC., and SONY INTERACTIVE ENTERTAINMENT LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ROVI GUIDES, INC., ROVI TECHNOLOGIES CORPORATION, and TIVO SOLUTIONS, INC., <br><br> Defendants. | Case No.: 5:20-cv-08009 <br><br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT** |

## REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

Plaintiffs Sony Corporation, Sony Electronics Inc., and Sony Interactive Entertainment LLC (collectively, "SONY") bring this action for declaratory judgment of patent noninfringement against Defendants Rovi Guides, Inc. ("Rovi Guides"), Rovi Technologies Corporation ("Rovi Tech. Corp."), and TiVo Solutions, Inc. ("TiVo") (collectively, "Defendants") and allege as follows:

## NATURE OF THE ACTION

1.      This is an action arising under the Declaratory Judgement Act, 28 U.S.C. § 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*  SONY brings this action for a declaration that it does not infringe any claim of U.S. Patent Nos. ██████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ██████████████████████████████ (collectively "the Asserted Patents").

## PARTIES

2.      Sony Corporation is a corporation duly organized and existing under the laws of Japan, with a principal place of business located at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan.

3.      Sony Electronics Inc. ("SEL") is a corporation duly organized and existing under the laws of Delaware, with a principal place of business located at 16535 Via Esprillo, San Diego CA 92127.  SEL provides a wide range of audio-visual products, including televisions and mobile entertainment products.  SEL is an indirect, wholly owned subsidiary of Sony Corporation.

4.      Sony Interactive Entertainment LLC ("SIE") is a limited liability company duly organized and existing under the laws of California, with a principal place of business located at 2207 Bridgepointe Parkway, San Mateo, California 94404.  SIE is headquartered in San Mateo, California and is an indirect, wholly owned subsidiary of Sony Corporation.  SIE is a leader in

interactive and digital entertainment responsible for the PlayStation™ brand and family of products and services, including PlayStation™ 4 and PlayStation™ Video.

5.     On information and belief, Rovi Technologies Corporation ("Rovi Tech. Corp.") is a corporation organized and existing under the laws of Delaware with a principal place of business at 2830 De La Cruz Boulevard, Santa Clara, California 95050.

6.     On information and belief, Rovi Guides, Inc. ("Rovi Guides") is a corporation organized and existing under the laws of Delaware with a principal place of business at 2160 Gold Street, San Jose, California 95002.  On information and belief, Rovi Guides is a wholly owned subsidiary of Rovi Tech. Corp., and in turn a wholly owned subsidiary of TiVo Solutions, Inc.

7.     On information and belief, TiVo Solutions, Inc. ("TiVo") is a corporation organized and existing under the laws of Delaware with a principal place of business located at 2160 Gold Street, San Jose, California 95002.

## **JURISDICTION**

8.     This is an action for declaratory relief under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

9.     This Court has personal jurisdiction because, on information and belief, Defendants have, and have had, continuous and systemic contacts within the State of California, including this District.  On information and belief, the headquarters or principal place of business of the Defendants is San Jose or Santa Clara, California, both of which are located in this District.  Further, on information and belief, Defendants have purposefully directed business activities at this District and residents of this District have used services and products offered for sale or sold by Defendants.

10.     For example, Rovi Guides has sought to enforce its patent rights in this district previously in *Rovi Corp., et al. v. Roku, Inc.*, Case No. 12-2185, Dkt. No. 1 (N.D. Cal. May 1, 2012).

11.     In addition, Rovi Guides and Rovi Tech. Corp. admitted this Court had personal jurisdiction over each of them in a prior litigation.  *See Netflix, Inc. v. Rovi Corp. et al.,* No. 11-cv-06591, Dkt. No. 16 (N.D. Cal. Feb. 17, 2012) ("Rovi [defined to include Rovi Guides and Rovi Tech. Corp.] admits that this Court has personal jurisdiction over Rovi.").

12.     TiVo (under its former name, TiVo Inc.) previously submitted to this Court's jurisdiction as well when it filed a complaint for declaratory judgment of non-infringement and invalidity in the Northern District.  *See TiVo Inc. v. Digital CBT LLC, et al.*, No. 12-cv-03866, Dkt. No. 1 (N.D. Cal. Jul. 24, 2012).

13.     This Court has federal question jurisdiction under 28 U.S.C.§§ 2331 and 1338(a) because this is a civil action arising under the Patent Act.  This Court has subject matter jurisdiction over SONY's declaratory judgment claims pursuant to 28 U.S.C. §§ 2201 and 2202 because an immediate and substantial controversy exists between SONY and Defendants with respect to whether the Asserted Patents cover SONY's activities.

14.     SONY and the Defendants have a history of patent license negotiations.  On December 28, 2015, Sony Corporation (together with all of its Subsidiaries, including SEL and SIE) and parent company Rovi Corporation (together with all its Subsidiaries, including Rovi Guides and Rovi. Tech. Corp.) executed a Worldwide Patent License Agreement ("2015 License Agreement"),

15.     In 2017,                                                               , the parties began discussions regarding a renewed license.  Ultimately, these discussions resulted in the September 29, 2017 execution of an amendment to the 2015 License Agreement entitled "SONY Amendment One to Worldwide Patent License Agreement" ("2017 License

1  Agreement").  The 2017 License Agreement added TiVo Solutions Inc. as a party to the

2  agreement ████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████████████

4  ████████████████████████████

5      16.   ██████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████████

7  ████████████  purportedly remain enforceable as of July 1, 2020.  By contrast, the 2015

8  License Agreement and the 2017 License Agreement also covered numerous other patents that

9  expired on or before July 1, 2020.

10     17.   █████████████████████████████████████████████

11 ███████████████████████████████████████████████████████

12 ██████████████████████████████████████████████████████

13 ██████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████████████

15 ██████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████████████

17 ███████████████████████████████████████████████████████

18 ███████████████████████████████████████████████

19     18.   █████████████████████████████████████████

20     19.   ██████████████████████████████████████████████

21 ████████

22     20.   PlayStation Vue is no longer offered by SONY.

23     21.   Sony Corporation and TiVo subsequently entered into a Non-Disclosure

24 Agreement ("NDA").  Many details relating to the Parties' more recent licensing discussions are

25 covered by the NDA, and therefore are not included in this Complaint.

26     22.   The licensing discussions have been unsuccessful.  SONY is not licensed under

27 the Asserted Patents for particular products and services sold after expiration of the 2017

28

License Agreement and does not believe there is any reason to take such a license because the Asserted Patents do not cover any of SONY's products and services.  Accordingly, SONY reasonably believes the Parties to be at an impasse with respect to their respective rights under the Asserted Patents.

23.     Defendants have a long history of asserting their patents in this Court and many other courts, including the following cases: *Rovi Guides, Inc. v. Comcast Corp. et al.,* 2:19-cv-0309 (C.D. Cal.); *Rovi Guides, Inc. v. Comcast Corp.,* 2:19-cv-00275 (C.D. Cal.); *Rovi Guides, Inc. v. Comcast Corp.,* 2:18-cv-00253 (C.D. Cal.); *Rovi Guides, Inc., et al. v. Comcast Corp. et al.,* 1:16-cv-09278 (S.D.N.Y.); *Rovi Guides, Inc., et al. v. Comcast Corp. et al.,* 2:16-cv-00321 (E.D. Tex.); *Rovi Technologies Corp. et al. v. Hulu LLC,* 2:12-cv-04756 (C.D. Cal.); *Rovi Corp. et al. v. LG Electronics Inc., et al.,* 1:12-cv-00545 (D. Del.); *Rovi Corp. et al. v. VIZIO Inc.,*1:12-cv-00546 (D. Del); *Rovi Corp. et al. v. Mitsubishi Electric Corp. et al.,* 1:12-cv-02185 (D. Del.); *Rovi Corp. et al. v. Roku, Inc.,* 5:12-cv-02185 (N.D. Cal.); *Rovi Corp. et al. v. VIZIO, Inc.,* 1:11-cv-01129 (D. Del.); *Rovi Corp. et al. v. Haier Group Corp. et al.,* 1:11-cv-01140 (D. Del.); *Rovi Corp. et al. v. Sharp Corp. et al.,* 3:11-cv-00533 (E.D. Va.); *Rovi Corp. et al. v. Hulu LLC,* 1:11-cv-00665 (D. Del.); *United Video Properties Inc., et al. v. Amazon.Com Inc., et al.,* 1:11-cv-00003 (D. Del.); *Rovi Corp. et al. v. Toshiba Corp. et al.,* 1:10-cv-00931 (D. Del.); *TiVo, Inc. v. Samsung Electronics Co., Ltd., et al.,* 2:15-cv-01503 (E.D. Tex.); *TiVo, Inc. v. Digital CBT LLC, et al.,*2:13-cv-00206 (C.D. Cal.); *TiVo, Inc. v. Digital CBT LLC, et al.,* 3:12-cv-02766 (N.D. Cal.).  Indeed, Hulu filed a declaratory judgment action in this Court alleging that TiVo improperly attempted to threaten Hulu with patents that Hulu did not practice.  *Hulu, LLC v. Rovi Corporation et al.*, 3:17-cv-02942 (N.D. Cal.).

24.     Because Defendants assert rights under the Asserted Patents based on identified ongoing activities of SONY, and SONY contends that it has the right to engage in the accused activities without a license from Defendants, there is a substantial, justiciable controversy

between SONY and Defendants sufficient to warrant a declaratory judgment of their respective rights and duties.[1]

25.     In view of the Defendants' correspondence and communication with SONY as detailed above, and in view of the Defendants' pattern of filing lawsuits against other companies, a threat of actual and imminent injury exists as to SONY that can be redressed by judicial relief.  The injury to SONY includes uncertainty as to whether the development, use, and sale of SONY products, services, and applications will be free from infringement claims based on each of the Asserted Patents.  Consequently, the injury is sufficiently immediate and irreparable to warrant the issuance of a declaratory judgment.

## VENUE

26.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this District.  In addition, a substantial part of the events giving rise to the claims at issue occurred in this District and Defendants are subject to personal jurisdiction within this District.

## INTRADISTRICT ASSIGNMENT

27.     Pursuant to Civil Local Rules 3-5(b) and 3-2(c), intellectual property actions are assigned on a district-wide basis.

## PATENTS

### U.S. Patent No. ██████

28.     The ████████ is titled ███████████████████████████ ██████████████████████████████████ states that it was issued to █████████████████████████████████████ A true and correct copy of the █████████ is attached as Exhibit 1.

_____

[1] Further, in view of the unsuccessful licensing negotiations between SONY and Defendants, the details of which are not revealed here due to the NDA, an actual controversy exists between SONY and Defendants with respect to additional patents owned by Defendants (or other entities affiliated with Defendants) not included as Asserted Patents in this complaint.

1    29.    The assignee of the ███████ identified on the patent's face is ███████

2  On information and belief, Rovi Tech. Corp. claims to be the current owner by assignment of all

3  right, title, and interest in the ███████

4                                  **U.S. Patent No.** ███████

5    30.    The ███████ is titled ███████████████████████████████."

6  The ███████ states that it was issued to ███████████████ A true and

7  correct copy of the ███████ is attached as Exhibit 2.

8    31.    The original assignee of the ███████ identified on the patent's face is

9  ███████        On information and belief, Rovi Tech. Corp claims to be the current

10 owner by assignment of all right, title, and interest in the ███████

11                                 **U.S. Patent No.** ███████

12   32.    The ███████ is titled ███████████████████

13 ███████████████████████████████ states

14 that it was issued to ███████████████████ A

15 true and correct copy of the ███████ is attached as Exhibit 3.

16   33.    The original assignee of the ███████ identified on the patent's face is ███

17 ███████        On information and belief, Rovi Guides claims to be the current owner

18 by assignment of all right, title, and interest in the ███████

19                                 **U.S. Patent No.** ███████

20   34.    The ███████ is titled ███████████████

21 ███████ The ███████ states that it was issued to ███████████████

22 ███████████████████ A true and correct copy of the ██

23 ███ is attached as Exhibit 4.

24   35.    The assignee of the ███████ identified on the patent's face is ███████

25 ███████        On information and belief, Rovi Guides claims to be the current owner by

26 assignment of all right, title, and interest in the ███████

27

28

1

**U.S. Patent No. ███**

2      36.   The ██████ is titled █████████████████████████

3 states that it was issued to ████████. A true and correct copy of the ██████ is attached

4 as Exhibit 5.

5      37.   The original assignee of the ████████ identified on the patent's face is TiVo

6 Inc. On information and belief, TiVo Inc. was renamed TiVo Solutions, Inc. On information

7 and belief, TiVo claims to be the current owner by assignment of all right, title, and interest in

8 the ████████.

9

**U.S. Patent No. ████**

10     38.   The ██████ is titled █████████████████████████

11 states that it was issued to ████████ A true and correct copy of the ██████ is attached

12 as Exhibit 6.

13     39.   The original assignee of the ████████ identified on the patent's face is TiVo

14 Inc. On information and belief, TiVo Inc. was renamed TiVo Solutions, Inc. On information

15 and belief, TiVo claims to be the current owner by assignment of all right, title, and interest in

16 the ████████.

17

**U.S. Patent No. ████**

18     40.   The ██████ is titled █████████████████████████████ent

19 states that it was issued to ████████████████████████████

20 A true and correct copy of the ██████ is attached as Exhibit 7.

21     41.   The assignee of the ████████ identified on the patent's face is ████████

22 ██ On information and belief, Rovi Guides claims to be the current owner by assignment of

23 all right, title, and interest in the ████████

24

**U.S. Patent No. ████**

25     42.   The ██████ is titled █████████████████████████

26 ████████████████ states that it was issued to ████████████ A true and correct

27 copy of the ██████ is attached as Exhibit 8.

28

43.     The assignee of the ██████ identified on the patent's face is Rovi Guides, Inc.  On information and belief, Rovi Guides claims to be the current owner by assignment of all right, title, and interest in the ██████.

**U.S. Patent No.** ████████

44.     The ████████ is titled ████████████████ states that it was issued to ████████.  A true and correct copy of the ██████ is attached as Exhibit 9.

45.     The original assignee of the ██████ identified on the patent's face is TiVo Inc.  On information and belief, TiVo Inc. was renamed TiVo Solutions, Inc.  On information and belief, TiVo claims to be the current owner by assignment of all right, title, and interest in the ██████.

**U.S. Patent No.** ████████

46.     The ██████ is titled, ████████████████████ ██████ states that it was issued to ████████████████ ████████████████████████████.  A true and correct copy of the ██ ██ is attached as Exhibit 10.

47.     The assignee of the ██████ identified on the patent's face is ████████ ████████  On information and belief, Rovi Guides claims to be the current owner by assignment of all right, title, and interest in the ██████.

**U.S. Patent No.** ████████

48.     The ██████ is titled, ████████████████████ states that it was issued to ████████  A true and correct copy of the ██████ is attached as Exhibit 11.

49.     The original assignee of the ██████ identified on the patent's face is TiVo Inc.  On information and belief, TiVo Inc. was renamed TiVo Solutions, Inc.  On information and belief, TiVo claims to be the current owner by assignment of all right, title, and interest in the ██████.

**ACCUSED PRODUCTS**

50.     SIE sells or has sold PlayStation™ Video ("PS Video"), an on-demand service that enables viewers to rent or buy movies or television programs.  It can be installed and used in conjunction with the PlayStation™ Store on certain PlayStation™ consoles.  In addition, corresponding PS Video applications can be used on certain iPhones, iPads, and Android devices (including Xperia smartphones and certain Sony televisions).  The user browses titles available and determines which content to rent or buy.

51.     SIE sells or has sold PlayStation™ 4 ("PS4"), a home video console for gaming and entertainment experiences.

52.     SIE's PlayStation™ 5 ("PS5") is a home video console for gaming and entertainment experiences.  The PS5 features lightning-fast loading with an ultra-high speed SSD, deeper immersion with support for haptic feedback, adaptive triggers and 3D Audio.

53.     SONY sells or has sold various smart televisions ("SONY TVs").

54.     SONY sells or has sold various Xperia smartphones for personal and professional use ("SONY Mobile Devices").

55.     SONY sells or has sold various Blu-ray disc players ("SONY Blu-rays").

56.     SIE's PlayStation™ Network ("PSN") is a network that permits registered users to connect with other PlayStation™ users to play, connect and share online.  Users are permitted to post certain updates and view and comment on certain of their friends' activities.  PSN permits users to exchange messages and in certain instances hand over control of a game to particular members.

**CLAIMS FOR RELIEF**

**COUNT I**

**Declaratory Judgment of Noninfringement of U.S. Patent No. ▮**

57.     Paragraphs 1-56 are incorporated herein by reference.

/ / /

/ / /

58.     SONY has not infringed and does not infringe any claim of the ████████ either directly or indirectly, literally or under the doctrine of equivalents.

59.     SONY's PS Video, PS4, SONY TVs, SONY Mobile Devices, SONY Blu-rays, and PSN, do not infringe the ████████.  For example, PSN does not practice the limitation of ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ appearing in independent claim 1 of the ████████ (and by extension in all claims that depend from claim 1) because ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

60.     PSN also does not practice the limitation of ████████████████████████████████████████████████████████████████████████████████████████████ appearing in independent claim 7 of the ████████ (and by extension in all claims that depend from claim 7) because ██████████████████████████████████████████████████████████████████████████████████████████████████████████████.

61.     PSN also does not practice the limitations of ████████████████████████████████████████ and ████████ ████████████████████████████ appearing in independent claim 14 (and by extension in all claims that depend from claim 14) of the ████████ because ████████ ██████████████████████████████████████████████████████████████████████████.

62.     PSN also does not practice the limitations of ███████████████ ████████████████████████████████████████████ and ████████████████████████████████████████ appearing in independent claim 22 of the ████████ because ████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████

63.     For similar reasons, SONY's PS Video, PS4, SONY TVs, SONY Mobile Devices, and SONY Blu-rays also do not infringe independent claims 1, 7, 14, and 22 of the ████████, nor do they infringe any claims depending from claims 1, 7 or 14.

64.     As set forth above, an actual controversy exists between SONY and Defendants with respect to the ████████ and this controversy is likely to continue.  Accordingly, SONY desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the ████████.

## COUNT II

## Declaratory Judgment of Noninfringement of U.S. Patent No. ████████

65.     Paragraphs 1-64 are incorporated herein by reference.

66.     SONY has not infringed and does not infringe any claim of the ████████ either directly or indirectly, literally or under the doctrine of equivalents.

67.     SONY's PS Video, PS4, SONY TVs, SONY Mobile Devices, SONY Blu-rays, and PSN, do not infringe the ████████.  For example, SONY TVs do not practice the limitation of ████████████████████████████████████████████ ██████████████████████████████████████ appearing in independent claim 1 of the ████████ (and by extension in all claims that depend from claim 1) because ██████████████████████████████████████ ████████████████.

68.     SONY TVs also do not practice the limitation of ████████████ ██████████████████████████████████████████████

1 ██████████████████████████████████ appearing in claim 12 of the ███████ (and

2 by extension in all claims that depend from claim 12) because they █████████████████

3 ████████████████████████████████████ .

4     69.    SONY TVs also do not practice the limitation of ███████████████

5 ████████████████████████████████████████████████████

6 ███████████████████████████ appearing in independent claim 19 of the ██

7 ███ (and by extension in all claims that depend from claim 19) because ███████████████

8 ████████████████████████████ .

9     70.    For similar reasons, SONY's PS Video, PS4, SONY Mobile Devices, SONY

10 Blu-rays, and PSN also do not infringe any of claims 1, 12, or 19 of the ███████ , nor do they

11 infringe any claims depending from claims 1, 12, or 19.

12     71.    As set forth above, an actual controversy exists between SONY and Defendants

13 with respect to the ███████ and this controversy is likely to continue.  Accordingly, SONY

14 desires a judicial determination and declaration of the respective rights and duties of the parties

15 with respect to the ███████ .

16 **COUNT III**

17 **Declaratory Judgment of Noninfringement of U.S. Patent No. ███████**

18     72.    Paragraphs 1-71 are incorporated herein by reference.

19     73.    SONY has not infringed and does not infringe any claim of the ███████ either

20 directly or indirectly, literally or under the doctrine of equivalents.

21     74.    SONY's PS Video, PS4, SONY TVs, SONY Mobile Devices, SONY Blu-rays,

22 and PSN, do not infringe the ███████ .  For example, the PS4 does not practice the limitation

23 of ████████████████████████████████████████████████

24 ████████████████████████████████████████████

25 █████████████████████████████████████████

26 ███████ appearing in independent claim 1 of the ███████ (and by extension in all claims

27 that depend from claim 1) because ██████████████████████████████

28

75. The PS4 also does not practice the limitation of ███████████

███████████████████████████████████

██████████████████████████████████████

██████████████ appearing in independent

claim 11 of the ███████ (and by extension in all claims that depend from claim 11) because

███████████████████████████████████

████████████████████████

76. The PS4 also does not practice the limitation of ███████████

███████████████████████████████████

███████████████████████████████

██████████████████████████████████████

appearing in independent claim 17 of the ███████ (and by extension in all claims that depend

from claim 17) because ███████████████████████████

█████████████████

77. The PS4 also does not practice the limitation of ███████████

██████████████████████████████

████████████ appearing in independent claim 22 of the ███████ (and

by extension any claims that depend from claim 22) because ███████████

████████████████

78. The PS4 also does not practice the limitation of ███████████

███████████████████████████████

███████████████████████████████

appearing in independent claim 26 of the ███████ (and by extension any claims that depend

from claim 26) because ████████████████████████████



79.     The PS4 also does not practice the limitation of

appearing in independent claim 36 of the ▮▮▮▮▮ (and by extension any claims that depend

from claim 36) because

80.     The PS4 also does not practice the limitation of

appearing in

independent claim 42 of the ▮▮▮▮▮ (and by extension any claims that depend from claim

42) because

81.     The PS4 also does not practice the limitation of

appearing in independent

claim 47 of the ▮▮▮▮▮ (and by extension any claims that depend from claim 47) because

82.     For similar reasons, SONY's PS Video, SONY TVs, SONY Mobile Devices,

SONY Blu-rays, and PSN also do infringe any of claims 1, 11, 17, 22, 26, 36, 42, and 47 of the

▮▮▮▮▮, nor do they infringe any claims depending from claims 1, 11, 17, 22, 26, 36, 42, or

47.

83.   As set forth above, an actual controversy exists between SONY and Defendants with respect to the ███████ and this controversy is likely to continue.  Accordingly, SONY desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the ███████ .

## COUNT IV

### Declaratory Judgment of Noninfringement of U.S. Patent No. ███████

84.   Paragraphs 1-83 are incorporated herein by reference.

85.   SONY has not infringed and does not infringe any claim of the ███████ either directly or indirectly, literally or under the doctrine of equivalents.

86.   SONY's PS Video, PS4, PS5, SONY TVs, SONY Mobile Devices, SONY Blu-rays, and PSN do not infringe the ███████ .  For example, the PS4 does not practice the limitation of an ███████████████ appearing in independent claims 1, 12, 23, and 24 of the ███████ (and by extension in all claims that depend from claims 1, 12, 23, and 24) because ████████████████████████ ███████████████ 

87.   The PS4 also does not practice the limitation of a ███████████ ████████████████████████ appearing in independent claims 1 and 23 of the ███████ (and by extension in all claims that depend from claims 1 or 23) because the PS4 lacks an ███████████████ (as explained in paragraph 86) and also because the PS4 ████████████████████ ███████████ 

88.   The PS4 also does not practice the limitation of a ███████████ ████████████ appearing in independent claims 1 and 23 of the ███████ (and by extension in all claims that depend from claims 1 or 23) because the PS4 does not ███████ ████████████████

89.   The PS4 also does not practice the limitation of ███████████ ████████████████████████████████████████ appearing in independent claim 12 of the ██████ (and by extension any claims that depend from claim 12) because the PS4 lacks an ███████████████████████ (as explained in paragraph 86) and also because the PlayStation 4 does not ████████████████████████████████ ████████████.

90.   The PS4 also does not practice the limitation of ██████████████ ████████████████████████████████████ appearing in independent claim 24 (and by extension any claims that depend from claim 24) of the ████████ because the PS4 lacks an ██████████ ██████████ (as explained in paragraph 86) and also because ████████████████ ████████████████████████████████████.

91.   For similar reasons, SONY's PS Video, SONY TVs, SONY Mobile Devices, SONY Blu-rays, and PSN also do not infringe any of independent claims 1, 12, 23, or 24 of the ████████, nor do they infringe any claims that depend from  claims 1, 12, 23, or 24.

92.   As set forth above, an actual controversy exists between SONY and Defendants with respect to the ██████████ and this controversy is likely to continue.  Accordingly, SONY desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the ██████████.

### COUNT V

### Declaratory Judgment of Noninfringement of U.S. Patent No. ████████

93.   Paragraphs 1-92 are incorporated herein by reference.

94.   SONY has not infringed and does not infringe any claim of the ██████████ directly or indirectly, literally or under the doctrine of equivalents.

95.   SONY's PS Video, PS4, SONY TV, SONY Mobile Devices, SONY Blu-rays, and PSN do not infringe the ██████████.  For example, PS Video does not practice the

1  limitation of █████████████████████████████████

2  ██████ appearing in independent claims 1, 14, or 27 (and by extension any claims that

3  depend from claims 1, 14, or 27) because PS Video does not ████████████████

4  █████████████████████████████████████████████████

5       96.   PS Video also does not practice the limitation of ███████████████

6  █████████████████████████████████████████████

7  ████████████████ appearing in independent claims 1, 14, and 27 (and by extension in all

8  claims that depend from claims 1, 14, and 27) because with PS Video, ████████████

9  ████████████████████████████████████████████████.

10      97.   PS Video also does not practice the limitation of ███████████████

11 █████ appearing in independent claims 1, 14, and 27 (and by extension in all claims that

12 depend from claims 1, 14, and 27) because PS Video does not ████████████████

13 ████████████████████████████

14      98.   For similar reasons, PS4, SONY TVs, SONY Mobile Devices, SONY Blu-rays,

15 and PSN also do not infringe any of independent claims 1, 14, or 27 of the ████████, nor do

16 they infringe any claims that depend from claims 1, 14, or 27.

17      99.   As set forth above, an actual controversy exists between SONY and Defendants

18 with respect to the ██████████ and this controversy is likely to continue.  Accordingly, SONY

19 desires a judicial determination and declaration of the respective rights and duties of the parties

20 with respect to the ██████████

21                                    **COUNT VI**

22 **Declaratory Judgment of Noninfringement of U.S. Patent No. ██████████**

23      100.  Paragraphs 1-99 are incorporated herein by reference.

24      101.  SONY has not infringed and does not infringe any claim of the ██████████

25 directly or indirectly, literally or under the doctrine of equivalents.

26      102.  SONY's PS Video, PS4, SONY TV, SONY Mobile Devices, SONY Blu-rays,

27 and PSN do not perform the required method claimed in the ██████████.  For example, PS

28

1 | Video does not practice the limitation of ███████████████████████

2 | █████████████████████████████████████████████████████████

3 | ██████████████████████████ appearing in independent claims 1, 14, 19,

4 | 32, 37, and 50 (and by extension in all claims that depend from claims 1, 14, 19, 32, 37, and 50)

5 | because PS Video does not ████████████████████████████████

6 | ███████████████████████████████

7 | 103.    PS Video also does not practice the limitations of ██████████████

8 | █████████████████████████████████████████████████████████

9 | ██████████ appearing in independent claims 1, 14, 19, 32, 37, and 50 (and by extension in

10 | all claims that depend from claims 1, 14, 19, 32, 37, and 50) because, with PS Video, ████

11 | █████████████████████████████████████████████

12 | ████████████████

13 | 104.    PS Video also does not practice the limitation of ████████████ appearing in

14 | independent claims 1, 14, 19, 32, 37, and 50 (and by extension in all claims that depend from

15 | claims 1, 14, 19, 32, 37, and 50) because, PS Video does not ████████████████████

16 | ████████████████████████

17 | 105.    For similar reasons, SONY's PS4, SONY TV, SONY Mobile Devices, SONY

18 | Blu-rays, and PSN also do not infringe any of independent claims 1, 14, 19, 32, 37, or 50 of the

19 | ████████, nor do they infringe any claims that depend from claims 1, 14, 19, 32, 37, or 50.

20 | 106.    As set forth above, an actual controversy exists between SONY and Defendants

21 | with respect to the ████████ and this controversy is likely to continue.  Accordingly, SONY

22 | desires a judicial determination and declaration of the respective rights and duties of the parties

23 | with respect to the ████████.

24 | **COUNT VII**

25 | **Declaratory Judgment of Noninfringement of U.S. Patent No.** ████████

26 | 107.    Paragraphs 1-106 are incorporated herein by reference.

27 |

28 |

108.    SONY has not infringed and does not infringe any claim of the ███████ either directly or indirectly, literally or under the doctrine of equivalents.

109.    SONY's PS Video, PS4, SONY TVs, SONY Mobile Devices, SONY Blu-rays, and PSN do not infringe the ████████.  For example, PS Video does not practice the limitation of ████████████████████████████████████████ ██████████████████████████████████████ ████████████████████████ appearing in independent claim 1 of the ████████ (and by extension in all claims that depend from claim 1) because it ████ ████████████████████████████████████ ██████.

110.    PS Video also does not practice the limitation of ████████████████ appearing in independent claim 1 of the ████████ (and by extension in all claims that depend from claim 1) because it does not ████████████████████████████████████████ ██████████.

111.    PS Video also does not practice the limitation of ████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████ appearing in independent claim 11 of the ████ ████ (and by extension in all claims that depend from claim 11) because it does not ████████████████████████████████████████ ████.

112.    PS Video also does not practice the limitation of ████████████████ ████████████████████████████████████████ ██████████ appearing in independent claim 11 of the ████████ (and by extension in all claims depending from claim 11) because it does not ████████████████████████████ ████████████████████████.

1    113.    PS Video also does not practice the limitation of ██████████

2    ████████████████████████████████████████████████████████████

3    ████████████████████████████████████████████████████████████

4    ██████████████████████ appearing in independent claim 21 of the ████████t

5    because it does not ████████████████████████████████████████████

6    ████████████████████

7    114.    PS Video also does not practice the limitation of ████████████

8    ██████████████████████████████████████████ appearing in

9    independent claim 21 of the ██████████ because it does not receive any input that comprises

10   one or more characters within the meaning of the ██████████.

11   115.    For similar reasons, SONY's PS4, SONY TVs, SONY Mobile Devices, SONY

12   Blu-rays, and PSN also do not infringe any of claims 1, 11, and 21 of the ██████████ nor do

13   they infringe any claims that depend from claims 1, 11, and 21 of the ██████████.

14   116.    As set forth above, an actual controversy exists between SONY and Defendants

15   with respect to the ██████████ and this controversy is likely to continue.  Accordingly, SONY

16   desires a judicial determination and declaration of the respective rights and duties of the parties

17   with respect to the ██████████.

18                                    **COUNT VIII**

19   **Declaratory Judgment of Noninfringement of U.S. Patent No. ██████████**

20   117.    Paragraphs 1-116 are incorporated herein by reference.

21   118.    SONY has not infringed and does not infringe any claim of the ██████████ either

22   directly or indirectly, literally or under the doctrine of equivalents.

23   119.    SONY's PS Video, PS4, SONY TVs, SONY Mobile Devices, SONY Blu-rays,

24   and PSN do not infringe the ██████████.  For example, PS Video does not practice the

25   limitation of ██████████████████████████████████████████████████

26   ████████████████████████████████████████████████████████████

27   ████████████████████████████████████████████████████████████

28

1

2 ████████████████████████ appearing in independent claim 1 of the ███████ (and

3 by extension in all claims that depend from claim 1) because it does not ████████

4 ████████████████████████████████████

5 ████████████████████████████████████████

6 ████████████████████████

7      120.    The PS Video also does not practice the limitation of ████████████

8 ████████████████████████████████████████

9 ████████████████████████████████████████

10 ████████████████████████████████████████

11 ████████████████████████████████████████

12 █████ appearing in independent claim 11 of the █████████ (and by extension in all claims

13 that depend from claim 11) because it does not ███████████████████

14 ████████████████████████████████████████

15 ████████████████████████████████████████████

16 ████████

17      121.    The PS Video also does not practice the limitation of ████████████

18 ████████████████████████████████████████████

19 ████████████████████████████████████████

20 ████████████████████████████████████████

21 ████████████████████████████████████

22 █████ appearing in independent claim 19 of the █████████ (and by extension in all claims

23 that depend from claim 19) because it does not ███████████████████

24 ████████████████████████████████████████

25 ████████████████████████████████████████████

26 ████████

27

28

122.    For similar reasons, SONY's PS4, SONY TVs, SONY Mobile Devices, SONY Blu-rays, and PSN also do not infringe any of claims 1, 11 and 19 of the ██████ nor do they infringe any claims that depend from claims 1, 11, or 19 of the ██████ .

123.    As set forth above, an actual controversy exists between SONY and Defendants with respect to the ██████ and this controversy is likely to continue.  Accordingly, SONY desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the ██████ .

### COUNT IX

### Declaratory Judgment of Noninfringement of U.S. Patent No. ██████

124.    Paragraphs 1-123 are incorporated herein by reference.

125.    SONY has not infringed and does not infringe any claim of the ██████ either directly or indirectly, literally or under the doctrine of equivalents.

126.    SONY's PS Video, PS4, PS5, SONY TVs, SONY Mobile Devices, SONY Blu-rays, and PSN do not infringe the ██████ . For example, PS Video does not practice the limitations of ██████████████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████ ██████████████████████████████████████ ████████████████████████████████ ████████████████████████████ appearing in independent claim 1 of the ██████ (and by extension in all claims that depend from claim 1) because it does not ██████████████████████████████████████ ████████████████ .

127.    PS Video also does not practice the limitations of ██████████████ ██████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ .

1 ██████████████████████████████████████████████

2 ████████████████████████████████████████████████

3 ████████████████████ from independent claim 7 of the ████████ (and by extension

4 in all claims that depend from claim 7) because it does not ████████████████████████

5 ██████████████████████████████████████████████

6 ██████████

7      128.   PS Video also does not practice the limitations of ████████████████

8 ████████████████████████████████████████████████

9 ██████████████████████████████████████████████

10 ██████████████████████████████████████████████

11 ████████████████████████████████████████████

12 ██████████████████████████████████████████████

13 ████████████████████ from independent claim 13 of the ████████ (and by

14 extension in all claims that depend from claim 13) because it does not ██████████████████

15 ████████████████████████████████████████████████

16 ████████████████████

17      129.   For similar reasons, SONY's PS4, PS5, SONY TVs, SONY Mobile Devices,

18 SONY Blu-rays, and PSN also do not infringe independent claims 1, 7, and 13 of the ████

19 ████, nor do they infringe any dependent claims depending from claims 1, 7, or 13.

20      130.   As set forth above, an actual controversy exists between SONY and Defendants

21 with respect to the ████████ and this controversy is likely to continue.  Accordingly, SONY

22 desires a judicial determination and declaration of the respective rights and duties of the parties

23 with respect to the ████████

**COUNT X**

**Judgment of Noninfringement of U.S. Patent No. ██████**

26      131.   Paragraphs 1-130 are incorporated herein by reference.

132.    SONY has not infringed and does not infringe any claim of the ███████ either directly or indirectly, or literally or under the doctrine of equivalents.

133.    SONY's PS Video, PS4, SONY TVs, SONY Mobile Devices, SONY Blu-rays, and PSN does not infringe the ███████. For example, PS Video does not include ███████████████████████████████ within the meaning of the ███ atent as required by claims 1, 13, 23, 34, 46, and 56 of the ███████.

134.    For similar reasons, SONY's PS4, SONY TVs, SONY Mobile Devices, SONY Blu-rays, and PSN also do not infringe any of claims 1, 13, 23, 34, 46, or 56 of the ███████, nor do they infringe any claims that depend from claims 1, 13, 23, 34, 46, or 56 of the ███ ███.

135.    As set forth above, an actual controversy exists between SONY and Defendants with respect to the ███████ and this controversy is likely to continue.  Accordingly, SONY desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the ███████.

### COUNT XI

### Judgment of Noninfringement of U.S. Patent No. ███████

136.    Paragraphs 1-135 are incorporated herein by reference.

137.    SONY has not infringed and does not infringe any claim of the ███████ either directly or indirectly, or literally or under the doctrine of equivalents.

138.    SONY's PS Video, PS4, SONY TVs, SONY Mobile Devices, SONY Blu-rays, and PSN do not infringe the ███████. For example, PS Video does not practice the limitation of ████████████████████████████████████ ██████████████████████████ ███████ appearing in each of independent claims 1 and 6 of the ███████ (and by extension in all claims that depend from claims 1 or 6) because it does not █████████████ ███████████████████████████████████ ████████████████████

139.    PS Video also does not practice the limitation of ████████████

████████████████████████████████████

████████████████████████████████

████ appearing in each of independent claims 1 and 6 of the ██████ (and by extension in all claims depending from claim 1 or claim 6) because the PS4 does not ████████████

████████████████████████████████

████████████████████████

140.    PS Video also does not practice either of the limitations ████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████ appearing in independent claim 11 of the ███

████ (and by extension in all claims that depend from claim 11) for the reasons described above in paragraphs 138 and 139 regarding claims 1 and 6 of the ██████.

141.    For similar reasons, SONY's PS4, SONY TVs, SONY Mobile Devices, SONY Blu-rays, and PSN also do not infringe any of claims 1, 6, and 11 of the ██████, nor do they infringe any claims that depend from claims 1, 6, or 11 of the ██████.

142.    As set forth above, an actual controversy exists between SONY and Defendants with respect to the ██████ and this controversy is likely to continue.  Accordingly, SONY desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the ██████.

**DEMAND FOR RELIEF**

WHEREFORE, SONY prays that judgment be entered in its favor and requests:

(a)     A judgment and declaration that SONY has not infringed and does not infringe in any manner any claim of the Asserted Patents, directly, contributorily, or by inducement, and has not otherwise infringed or violated any rights of Defendants and their affiliates, subsidiaries, assigns, employees, or agents;

(b)      An injunction against Defendants and their affiliates, subsidiaries, assigns, employees, agents, and/or anyone acting in privity or concert with Defendants from charging infringement or instituting any legal action for infringement of the Asserted Patents against SONY or anyone acting in privity with SONY, including the divisions, successors, assigns, agents, suppliers, manufacturers, contractors, and customers of SONY;

(c)      A judgment and declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling SONY to an award of its reasonable attorneys' fees, expenses, and costs in this action;

(d)      An award to SONY of its costs and reasonable expenses to the fullest extent permitted by law; and

(e)      An award of such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6(a), SONY hereby demands a trial by jury on all issues so triable.

Dated: November 13, 2020          KWUN BHANSALI LAZARUS LLP
                                  WOLF, GREENFIELD & SACKS, P.C.


                                  By: */s/ Michael S. Kwun*

                                  Michael S. Kwun (SBN No. 198945)
                                  mkwun@kblfirm.com
                                  Asim M. Bhansali (SBN 194925)
                                  abhansali@kblfirm.com
                                  KWUN BHANSALI LAZARUS LLP
                                  555 Montgomery Street, Suite 750
                                  San Francisco, CA 94111
                                  Telephone: (415) 630-2350
                                  Fax: (415) 367-1539


                                  *(continued on next page)*

Randy J. Pritzker (*pro hac vice* application forthcoming)
rpritzker@wolfgreenfield.com
Charles T. Steenburg (*pro hac vice* application forthcoming)
csteenburg@wolfgreenfield.com
Chelsea A. Loughran (*pro hac vice* application forthcoming)
cloughran@wolfgreenfield.com
Marie A. McKiernan (*pro hac vice* application forthcoming)
mmckiernan@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA  02210
Telephone: (617) 646-8000
Facsimile: (617) 646-8646

Michael N. Rader (*pro hac vice* application forthcoming)
mrader@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
605 Third Avenue
New York, NY  10158
Telephone: (212) 697-7890
Facsimile: (617) 646-8646

*Counsel for Plaintiffs*
*SONY CORPORATION, SONY ELECTRONICS INC., and*
*SONY INTERACTIVE ENTERTAINMENT LLC*

# Exhibit 1

# Filed Under Seal

# Exhibit 2

# Filed Under Seal

# Exhibit 3

# Filed Under Seal

# Exhibit 4

# Filed Under Seal

# Exhibit 5

# Filed Under Seal

# Exhibit 6

# Filed Under Seal

# Exhibit 7

# Filed Under Seal

# Exhibit 8

# Filed Under Seal

# Exhibit 9

# Filed Under Seal

# Exhibit 10

# Filed Under Seal

# Exhibit 11

# Filed Under Seal